1
2
3
4
5
6
7      UNITED STATES DISTRICT COURT
8          EASTERN DISTRICT OF CALIFORNIA
9
10
DAVID PERRY SMITH,            ) 1:09-cv—0783-AWI-SKO-HC
11                            )
            Petitioner,       ) FINDINGS AND RECOMMENDATION TO
12                            ) DISMISS THE PETITION FOR WRIT OF
                              ) HABEAS CORPUS (DOC. 1)
13      v.                    )
                              ) OBJECTIONS DUE WITHIN THIRTY (30)
14 JAMES A YATES, Warden, PVSP ) DAYS
Coalinga,                     )
15                            )
            Respondent.       )
16                            )
17 _____)

18      Petitioner is a state prisoner proceeding pro se and in
19 forma pauperis with a petition for writ of habeas corpus pursuant
20 to 28 U.S.C. § 2254.  The matter has been referred to the
21 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
22 Rules 302 and 304.  Pending before the Court is the petition,
23 which was filed by Petitioner in this Court on April 29, 2009.
24      I. Screening the Petition
25      Rule 4 of the Rules Governing § 2254 Cases in the United
26 States District Courts (Habeas Rules) requires the Court to make
27 a preliminary review of each petition for writ of habeas corpus.
28 The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all
grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Habeas Rule 4, adv. comm. notes, 1976 adoption; O'Bremski
v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431
U.S. 63, 75 n. 7 (1977)).

Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Rule 4, pursuant to the
respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory committee notes to Habeas Rule
8, 1976 adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

II. Conditions of Confinement

A federal court may only grant a petition for writ of habeas
corpus if the petitioner can show that "he is in custody in
violation of the Constitution or laws or treaties of the United
States."  28 U.S.C. § 2254(a).  A habeas corpus petition is the
correct method for a prisoner to challenge the legality or
duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574
(9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485
(1973)); advisory committee notes to Habeas Rule 1, 1976
adoption.

1 　In contrast, a civil rights action pursuant to 42 U.S.C.
2 § 1983 is the proper method for a prisoner to challenge the
3 conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
4 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at
5 574; advisory committee notes to Habeas Rule 1, 1976 adoption.

6 　In this case, Petitioner alleges that he has requested a
7 transfer to a federal facility from the warden of the state
8 institution where Petitioner is confined pursuant to the judgment
9 of a state court.  Petitioner alleges that he has served over
10 thirty (30) years of a state life sentence and has been denied
11 parole thirteen (13) times.  However, the gravamen of his
12 complaint is that he is subjected to overcrowding in his
13 institution of confinement, and his custodians have failed to
14 address unspecified issues concerning Petitioner's mental health
15 and living conditions.  (Pet. 2.)  Petitioner therefore seeks a
16 transfer to a federal institution.  Petitioner refers to various
17 pending civil rights cases and asserts generally his membership
18 in classes affecting by ongoing proceedings.  (Pet. 3.)

19 　Petitioner cites authorities that recognize a statutory
20 basis for permitting transfers of prisoners from state to federal
21 institutions but do not involve analogous procedural or custodial
22 circumstances.  (Pet. 5, 8.)  However, Petitioner has not alleged
23 any facts that would support a finding that he has a legally
24 justified expectation of incarceration in any particular
25 institution.  See, Olim v. Wakinekona, 461 U.S. 238 (1983).  It
26 is established that a claim concerning the conditions of
27 confinement, such as privileges, programming, and transfer to a
28 less restrictive facility, are properly raised in a civil rights

3

1  action.  Martinez-Bermudez v. Rios, no. 1:10-cv-00327-JLT HC,

2  2010 WL 1333277, *2 (E.D.Cal. April 2, 2010) (collecting cases).

3     Petitioner's allegations concern only the conditions of his

4  confinement.  The Court cannot possibly afford Petitioner any

5  relief that would affect the fact or duration of his

6  incarceration.  Thus, Petitioner is not entitled to habeas corpus

7  relief, and this petition must be dismissed without prejudice to

8  Petitioner's filing a civil rights action.

9     Should Petitioner wish to pursue his claims, he must do so

10  by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

11  It will be recommended that the Clerk be directed to send an

12  appropriate form complaint to Petitioner.

13     III. Certificate of Appealability

14     Unless a circuit justice or judge issues a certificate of

15  appealability, an appeal may not be taken to the court of appeals

16  from the final order in a habeas proceeding in which the

17  detention complained of arises out of process issued by a state

18  court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

19  U.S. 322, 336 (2003).  A certificate of appealability may issue

20  only if the applicant makes a substantial showing of the denial

21  of a constitutional right.  § 2253(c)(2).  Under this standard, a

22  petitioner must show that reasonable jurists could debate whether

23  the petition should have been resolved in a different manner or

24  that the issues presented were adequate to deserve encouragement

25  to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

26  (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

27  certificate should issue if the Petitioner shows that jurists of

28  reason would find it debatable whether the petition states a

1 valid claim of the denial of a constitutional right or that
2 jurists of reason would find it debatable whether the district
3 court was correct in any procedural ruling.  Slack v. McDaniel,
4 529 U.S. 473, 483-84 (2000).  In determining this issue, a court
5 conducts an overview of the claims in the habeas petition,
6 generally assesses their merits, and determines whether the
7 resolution was debatable among jurists of reason or wrong.  Id.
8 It is necessary for an applicant to show more than an absence of
9 frivolity or the existence of mere good faith; however, it is not
10 necessary for an applicant to show that the appeal will succeed.
11 Id. at 338.

12      A district court must issue or deny a certificate of
13 appealability when it enters a final order adverse to the
14 applicant.  Habeas Rule 11(a).

15      Here, because Petitioner's claims relate only to conditions
16 of confinement, jurists of reason would not find it debatable
17 whether the Court was correct in its ruling.  Accordingly,
18 Petitioner has not made a substantial showing of the denial of a
19 constitutional right, and the Court declines to issue a
20 certificate of appealability.

21      IV. Recommendation

22      Accordingly, it is RECOMMENDED that:

23      1) The petition for writ of habeas corpus be DISMISSED
24 without prejudice to Petitioner's right to file a civil rights
25 action pursuant to 28 U.S.C. § 1983;

26      2) The Clerk of Court be DIRECTED to enter judgment and
27 close the case;

28      3) The Court DECLINE to issue a certificate of

1  appealability; and

2      4) The Clerk be DIRECTED to mail to Petitioner a form for
3  filing a civil rights complaint pursuant to 42 U.S.C. § 1983 by a
4  person in custody.

5      These findings and recommendations are submitted to the
6  United States District Court Judge assigned to the case, pursuant
7  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
8  the Local Rules of Practice for the United States District Court,
9  Eastern District of California.  Within thirty (30) days after
10 being served with a copy, any party may file written objections
11 with the Court and serve a copy on all parties. Such a document
12 should be captioned "Objections to Magistrate Judge's Findings
13 and Recommendations."  Replies to the objections shall be served
14 and filed within fourteen (14) days (plus three (3) days if
15 served by mail) after service of the objections.  The Court will
16 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
17 636 (b)(1)(C).  The parties are advised that failure to file
18 objections within the specified time may waive the right to
19 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
20 1153 (9th Cir. 1991).

21

22 IT IS SO ORDERED.

23 **Dated:    June 25, 2010**                **/s/ Sheila K. Oberto**
                                   UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28